**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| LAURIER J. BUTEAU, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 09-cv-492-P-S |
| ) | |
| AFFILIATED COMPUTER SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY, OR IN THE ALTERNATIVE, TO DISMISS**

Before the Court are Defendant Affiliated Computer Services, Inc.'s Motion to Compel Arbitration (Docket # 8) and Motion to Stay, or in the Alternative, to Dismiss (Docket # 9 & # 10). No opposition has been filed to either of these motions.

Plaintiff brings claims of racial discrimination, retaliation, slander, and defamation against the Defendant, who is his former employer. (Complaint (Docket # 1-3) ¶¶ 22-41.) Plaintiff's claims relate to events which occurred during his employment with the Defendant, up to and including his termination by the Defendant. (Id.) In its Motion to Compel Arbitration, Defendant asserts that Plaintiff signed an acceptance of its Dispute Resolution Plan, and that the Plan requires Plaintiff to arbitrate any dispute or claim concerning the terms and conditions of his employment. (Mot. to Compel Arbitration (Docket # 8), p. 2.) Defendant asks the Court to compel arbitration in accordance with the terms of the Dispute Resolution Plan.

"A party who attempts to compel arbitration must show that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." Intergen N.V. v. Grina,

344 F.3d 134, 142 (1st Cir. 2003).  The Court is satisfied that the Defendant has made the necessary showing in this case.  Defendant has produced a form signed by the Plaintiff which states that he understands and agrees to be bound by the Dispute Resolution Plan.  (Ex. D to Aff. of Ashley Huggins (Docket # 8-5).)  The Dispute Resolution Plan mandates that all "disputes" be submitted to arbitration, and the term "dispute" is explicitly defined to include claims of "discrimination based on race," "defamation," "termination of . . . employment," and "any other matter related to or concerning the relationship between" Plaintiff and Defendant.  (Ex. A to Aff. of Ashley Huggins (Docket # 8-2), p. 2.)  Plaintiff has failed to present any contrary evidence.  Thus, it is clear that the parties entered into a valid agreement to arbitrate claims such as those brought by the Plaintiff in this case.

Having determined that arbitration is appropriate in this case, the only issue is whether to stay or to dismiss this action.    "[A] court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable."  Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998).  The broadly worded nature of the Dispute Resolution Plan makes it clear that all of Plaintiff's claims in this action are arbitrable and, therefore, dismissal is warranted.

Accordingly, Defendant's Motion to Compel Arbitration (Docket # 8) is GRANTED.  Defendant's Motion to Stay, or in the Alternative, Dismiss Action (Docket # 9 & # 10) is GRANTED in so far as it seeks dismissal of this action.  Plaintiff's Complaint is dismissed without prejudice.  The Clerk shall close the case.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 3rd day of December, 2009.